ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 190414
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2727
   Facsimile: (213) 894-7177
   E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) NO. CV 13-7230 DSF-SHx |
|---|---|
| Plaintiff, | ) VERIFIED COMPLAINT FOR FORFEITURE |
| vs. | ) |
| $277,150.00 IN U.S. CURRENCY, | ) [21 U.S.C. § 881(a)(6)] |
| Defendant. | ) [D.E.A.] |

The United States of America brings this claim against the defendant $277,150.00 in U.S. currency ("defendant currency") and alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

2. This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendant is $277,150.00 in U.S. Currency and consists of (i) $195,780.00 seized from a Lexus SUV situated at Seroj, Paystar, and Narek Davityan's Glendale California residence ("the residence")[1]; (ii) $78,631.00 seized from a safe found in a Kia sedan found at the residence; (iii) $1,949.00 seized at Hazelwood Patient Collective, 4619 ½ York Boulevard, Los Angeles, California; and (iv) $790.00 seized from Narek Davityan's wallet.

6. The defendant currency was seized on March 7, 2013 and is in the custody of the United States Marshals Service, where it shall remain subject to this court's jurisdiction during the pendency of this action.

7. The interests of Narek Davityan, Paystar M. Davityan, and Seroj Davityan may be adversely affected by these proceedings.

---

[1] Pursuant to Local Rule 5.2-1, only the city and state of residence addresses are set forth in this Complaint.

## EVIDENCE SUPPORTING FORFEITURE

8. In 2012, an investigation was initiated by the Drug Enforcement Administration ("DEA") and the Los Angeles Police Department ("LAPD") based on intelligence provided by the LAPD. According to the intelligence, Hazelwood Patient's Collective ("HPC"), located at 4619 ½ York Boulevard, Los Angeles, California, was involved in the sale of marijuana.

9. On September 25, 2012, the United States Attorney's Office sent a letter to Walter D. Genie, Rodolfo Sotomayor, and Mary Sotomayor, property owners of 4619 ½ York Boulevard, to notify them that their property was being used as a marijuana store in violation of Federal law. A similar notice was also sent to HPC.

10. On October 16, 2012, a DEA Special Agent attempted to make contact with employees of HPC to notify the employees that the business was operating in violation of Federal law. The employees refused to open the door for the Special Agent.

11. During the investigation, the DEA identified the president of HPC as Narek Davityan. The Los Angeles Department of Water records for 4619 ½ York Boulevard indicated that the subscriber information had been in Narek Davityan's name since March 28, 2010.

12. On March 5, 2013, while acting in an undercover capacity, a DEA Special Agent entered HPC in an attempt to gather information regarding possible marijuana sales. Upon entering, the agent smelled the odor of marijuana emanating from behind the reception area. The agent saw marijuana and smoking material at the back of the store.

13. On March 7, 2013, the DEA executed a Federal search warrant at HPC and seized the following: 10,321 grams of processed marijuana, 7,230 grams of edible products, 1,120 grams of hash, 320 marijuana plants, various electronic equipment, $1,949.00 in U.S. currency found in the HPC office (a portion of the defendant currency), and $790.00 in U.S. currency (a portion of the defendant currency) found in the wallet of Narek Davityan, who was present during the execution of the warrant.

14. On March 7, 2013, after the search warrant was executed at HPC, law enforcement conducted a probation search at the Glendale, California residence of Narek Davityan. Just prior to the search of the residence, a law enforcement officer observed a Lexus SUV and a BMW parked in front of the residence. Seroj Davityan, Narek Davityan's father, was observed at the rear of the Lexus SUV. Another individual, Vardan Manukyan ("Manukyan"), was observed running from the residence to the rear of the Lexus. Seroj Davityan then closed the rear hatch of the Lexus and drove the vehicle westbound on Monte Vista Avenue. Shortly thereafter, Seroj Davityan was observed running across Pacific Avenue and into the residence via the front door. The Lexus SUV was observed to be parked on the north side of Monte Vista Avenue.

15. Approximately five minutes after the Lexus was moved, Manukyan was observed running from the front of the residence to a Kia Spectra that was parked across the street of the residence. Manukyan entered the Kia and drove to the residence, where Seroj Davityan was waiting to open the driveway gate. The

vehicle was then driven to the rear of the residence and out of view.

16. Five minutes after the Kia was driven onto the property and out of view, Manukyan was seen driving the Kia down the driveway and out to the street. As Manukyan was about to pull into traffic, he was stopped by law enforcement. The vehicle's trunk was searched and a safe with a damaged bottom was discovered. Law enforcement officers later observed damage to the closet floor of Narek Davityan's room at the residence matching the damage appearing on the bottom of the safe.

17. A Glendale Police Department narcotics K-9 sniffed the safe and alerted to the presence of the scent of narcotics. The safe was forcibly opened and $78,631.00 in U.S. currency (a portion of the defendant currency) was found inside.

18. At the same time Manukyan was seen leaving the residence in the Kia, law enforcement personnel encountered Seroj Davityan walking down the driveway. Seroj Davityan was asked where his car was, to which he responded that it was the Kia sedan (last seen being driven by Manukyan). Officers asked again about the location of Seroj Davityan's vehicle, and, again, Seroj Davityan stated that his vehicle was the Kia. Officers inquired about the Lexus SUV and were told by Seroj Davityan that his daughter had driven it away ten minutes ago and indicated, via a head movement, that it had traveled south on Pacific Avenue. When confronted with the information that Seroj Davityan was observed by law enforcement moving the Lexus SUV minutes earlier, Seroj Davityan stated that there was in the Lexus approximately $100,000.00 in U.S. currency from his

business which Seroj Davityan had removed from his house because he did not want law enforcement to take it.

19. While being questioned by law enforcement, Seroj Davityan stated that his son, Narek Davityan, had just contacted Seroj Davityan and advised Seroj Davityan to go to the Glendale residence and "take care" of what was in Narek Davityan's room. Seroj Davityan took that to mean removing a safe from Narek Davityan's room, neither the contents nor combination of which were known to Seroj Davityan. Seroj Davityan stated that he and Manukyan had taken a safe from Narek Davityan's room and placed it in the Kia. Seroj Davityan also stated that Narek Davityan had been operating a marijuana dispensary for the last five to six years and had a previous dispensary prior to HPC. Seroj Davityan also granted permission for law enforcement personnel to move the Lexus from the street to the driveway of the residence.

20. A Glendale Police Department narcotics K-9 was walked around the Lexus SUV and alerted to the presence of the scent of narcotics in the trunk area. Once the vehicle was opened, the K-9 immediately alerted to the odor of narcotics from a pink bag hidden underneath the carpeted cover for the spare-tire area. The bag was opened and $195,780.00 in U.S. currency (a portion of the defendant currency) was found inside. The K-9 sniffed the currency and alerted to the presence of the scent of narcotics, signifying that the funds had recently been in close proximity with narcotics.

21. Based on the above, plaintiff alleges that the

defendant currency represents or is traceable to proceeds of illegal narcotics trafficking, or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq.  The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that:

(a)   due process issue to enforce the forfeiture of the defendant currency;

(b)   due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c)   that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and,

(d)   for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: September 30, 2013        ANDRÉ BIROTTE JR.
                                 United States Attorney
                                 ROBERT E. DUGDALE
                                 Assistant United States Attorney
                                 Chief, Criminal Division
                                 STEVEN R. WELK
                                 Assistant United States Attorney
                                 Chief, Asset Forfeiture Section

                                 _____
                                 JONATHAN GALATZAN
                                 Assistant United States Attorney
                                 Attorneys for Plaintiff
                                 United States of America

<u>VERIFICATION</u>

I, Patrick Kelly, hereby declare that:

1. I am a Special Agent with the Drug Enforcement Administration and I am the case agent for the forfeiture matter entitled <u>United States of America v. $277,150.00 in U.S. Currency</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 27th, 2013 in Los Angeles, California.

_____
PATRICK KELLY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Dale S. Fischer_____ -- and the assigned Magistrate Judge is _____Stephen J. Hillman_____ .

The case number on all documents filed with the Court should read as follows:

**2:13-cv-07230 DSF-SHx**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 30, 2013           By   SBOURGEOIS
Date                              Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division              [ ] Southern Division              [ ] Eastern Division
    312 N. Spring Street, G-8         411 West Fourth St., Ste 1053      3470 Twelfth Street, Room 134
    Los Angeles, CA 90012             Santa Ana, CA 92701                Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
UNITED STATES OF AMERICA

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
$277,150.00 IN U.S. CURRENCY

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
JONATHAN GALATZAN, Assistant United States Attorney
312 North Spring Street, 14th Floor, Los Angeles, CA 90012
T: (213) 894-2727; F: (213) 894-7177; E-Mail: Jonathan.Galatzan@usdoj.gov

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same Information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
21 U.S.C. § 881(a)(6)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL PROPERTY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV13-7230

CV-71 (09/13)      CIVIL COVER SHEET      Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☒ Yes  ☐ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☒ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
**SOUTHERN DIVISION.**
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
**EASTERN DIVISION.**
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
**WESTERN DIVISION.**
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____ DATE: September 30, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |